**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SHEILA ROBINSON,

                            Plaintiff,

      - v -                                   Civ. No. 1:19-CV-661
                                                      (LEK/DJS)

STATE OF NY, *et al.*,

                            Defendants.

**APPEARANCES:**                                **OF COUNSEL:**

SHEILA ROBINSON
Plaintiff, *Pro Se*
360 East 193rd Street
Bronx, NY 10458

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION AND ORDER

      The Clerk has sent for review a civil Complaint filed by Plaintiff *pro se* Sheila Robinson.  Dkt. No. 1, Compl.  Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP").  Dkt. No. 2, IFP App.  By separate Order, this Court granted Plaintiff's application to proceed IFP.  Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

### I.  DISCUSSION

### A.  Pleading Requirements

      Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state

1

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is

2

entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

### B. Allegations Contained in Plaintiff's Complaint

Plaintiff brings her Complaint pursuant to 28 U.S.C. § 1983, alleging violations of her civil rights by the State of New York, the City of Albany, County of Albany, the Albany, New York Police Department, Judge Helena Heath, Governor Andrew Cuomo, two Department of Social Services ("DSS") workers, Ann S. and Tammy, and an unidentified number of John Doe Defendants.  Compl. at p. 1.[1]

Plaintiff brings claims for deprivation of her Fourth and Fifth Amendment rights, and for extortion under the Hobbs Act, bribery, retaliation, racketeering, corruption, and conspiracy. *Id.*  The Complaint alleges that the Defendants assisted and coerced dangerous drug dealers to move in to houses and to sell drugs near Plaintiff's apartment in a scheme to harm Plaintiff. *Id.*  Defendant Albany Police Department allegedly refused to assist Plaintiff when she would call regarding dangerous situations created by the drug

---

[1] The pages of Plaintiff's Complaint are unnumbered; as such, when referring to Plaintiff's submissions, the Court will cite to the page numbers automatically assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System.

dealers, and Plaintiff was menaced and injured by the drug dealers. *Id.* at pp. 1-2. Plaintiff alleges that Defendants instructed the police to ignore Plaintiff's complaints, and to allow drug dealers to loiter there. *Id.* at p. 3.

Plaintiff alleges that Defendants coerced Plaintiff's landlord to evict her, in a scheme to extort Plaintiff's company, and that Judge Heath ordered Plaintiff evicted from her apartment. *Id.* at p. 2.

Plaintiff alleges that Defendants then contacted DSS to interfere with Plaintiff's attempts to find temporary housing. *Id.* Plaintiff alleges that this was all done to assist Jeff Bezio [sic.] of Amazon and other individuals associated with similar companies that have been trying to extort Plaintiff's company in order to take over and sell her brand. *Id.* Plaintiff has filed a separate Racketeer Influenced and Corrupt Organizations Act ("RICO") complaint in New York City regarding their interference with her brand. *Id.* Plaintiff alleges the interference with her housing was done in retaliation for Plaintiff having filed civil actions regarding the scheme. *Id.* at p. 3. Plaintiff alleges that Defendants have been bribed and have received kickbacks to assist with extorting Plaintiff's brands, and that Defendants have met with Albany's mayor in order to force Plaintiff out of her apartment. *Id.* at p. 2. Plaintiff seeks $100,000,000 in damages. *Id.* at p. 4.

### C. Analysis

*1. Immunity*

Initially, as to Plaintiff's claims against the State of New York, under clearly established law, such claims are barred by the Eleventh Amendment which provides states

4

immunity in federal court. *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). The immunity applies both to the State itself and state agencies. *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004); *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'").

"As a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress." *Jackson v. Battaglia*, 63 F.Supp.3d 214, 219-20 (N.D.N.Y. 2014) (citation omitted). "It is well-established that New York has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state's sovereign immunity." *Mamot v. Bd. of Regents*, 367 Fed. Appx. 191, 192 (2d Cir. 2010) (internal citations omitted). No other basis for waiver or abrogation is set forth in the Complaint.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tomkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). While recommending dismissal on Eleventh Amendment grounds, the Court recognizes that an exception to this bar does exist for purely prospective injunctive relief claims against a state official. Under the doctrine announced in *Ex parte Young*, 209 U.S. 123 (1908), "a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment,

5

when a plaintiff '(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective.'" *Brown v. New York*, 975 F. Supp. 2d 209, 222 (N.D.N.Y. 2013) (quoting *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007)). Indeed, Plaintiff in her introduction states that she seeks monetary damages, declaratory damages, and declaratory and injunctive relief. Compl. at p. 1. Plaintiff may, therefore, be able to proceed against an appropriate state official if she is seeking only injunctive relief. As such, it is appropriate to grant Plaintiff leave to replead her allegations.

As for Plaintiff's claims against Judge Heath, judges enjoy absolute immunity from suit pursuant to 42 U.S.C. § 1983 for actions taken in the performance of their duties. *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (noting that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction'") (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)). Plaintiff appears to contend that Judge Heath violated her rights by ordering Plaintiff's eviction, which clearly relates to the official duties of a judge. *Young v. Selsky*, 41 F.3d at 51; *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature"). Therefore, the Court recommends dismissing Plaintiff's claims against Defendant Heath with prejudice.

## 2. *Albany Police Department*

"Although [a] police department is an administrative arm of [a] municipal corporation[,] . . . [it] cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." *Chaney v. Albany Police Dep't*, 2016 WL 7477637, at *7 (N.D.N.Y. Nov. 28, 2016), *report and recommendation*

*adopted,* 2016 WL 7467974 (Dec. 27, 2016) (internal quotation marks omitted) (citations omitted).  As such, the Court recommends dismissing Plaintiff's claims against Defendant Albany Police Department with prejudice.

### 3. *Governor Cuomo, the City of Albany, and the County of Albany*

Plaintiff's only claim against Governor Cuomo is that he is "the oversight of all othe[r] named agencies" and that he "is the perpetrator leading the named defendants and perpetrators trying to extort plaintiff[] . . ." Compl. at p. 4.  Such allegations provide no facts, and are too conclusory to support such a claim.  As such, the Court recommends Governor Cuomo be dismissed as a Defendant with leave to replead.

Similarly, Plaintiff's only mention of the City of Albany is that it allowed its police officers not to enforce laws in an effort to force Plaintiff out of her apartment, in violation of her rights.  Compl. at p. 4.  She makes no specific allegations against the County of Albany.  Plaintiff's claims against both of these Defendants are too vague to provide Defendants fair notice of the claims against them.  *Sheehy v. Brown*, 335 Fed. Appx. at 104.  The Court recommends that the County of Albany and City of Albany be dismissed but that Plaintiff be permitted to replead any claims against them.

### 4. *Plaintiff's Specific Claims*

Plaintiff brings a claim of conspiracy.  Compl. at p. 1.  "To sustain a conspiracy claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that a defendant acted in a wilful manner, culminating in an agreement, understanding or meeting of the minds, that violated the plaintiff's rights . . . secured by the Constitution or the federal courts.  Conclusory, vague, or general allegations of a conspiracy to deprive a person of

7

constitutional rights do not state a claim for relief under section 1983." *O'Neil v. Bebee*, 2010 WL 502948, at *9 (N.D.N.Y. Feb. 10, 2010) (internal citations and quotation marks omitted). Plaintiff has not alleged facts demonstrating that Defendants entered into any such agreement. *See Malsh v. Austin*, 901 F. Supp. 757, 763 (S.D.N.Y. 1995). The Court recommends this claim be dismissed with leave to replead. *See Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4.

Plaintiff also claims "extortion under the Hobbs Act." Compl. at p. 1. "[E]xtortion is a federal crime, [ ] and there is no cognizable civil counterpart." *Kearney v. Kozloski*, 2015 WL 500477, at *4 (N.D.N.Y. Feb. 3, 2015) (dismissing extortion claim on initial review) (collecting cases). In addition, "no private right of action exists under the Hobbs Act." *Barge v. Apple Computer, Inc.*, 164 F.3d 617 (2d Cir. 1998) (summary order); *John's Insulation, Inc. v. Siska Const. Co., Inc.*, 774 F. Supp. 156, 163 (S.D.N.Y. 1991). As such, the Court recommends that Plaintiff's extortion and Hobbs Act claims be dismissed with prejudice.

Plaintiff also makes claims of bribery, racketeering, and corruption. Compl. at p. 1. As for these claims, it is unclear what federal right Plaintiff is alleging has been violated. *See* Compl., *generally*. To the extent that Plaintiff seeks to accuse Defendants of committing crimes of bribery, corruption and racketeering, there is no private right of action for those alleged crimes. *See Bletas v. Deluca*, 2011 WL 13130879, at *6 (S.D.N.Y. Nov. 15, 2011); *Vasile v. Dean Witter Reynolds, Inc.*, 20 F. Supp. 2d 465, 482 (E.D.N.Y. 1998). To the extent that Plaintiff intends to assert a claim under RICO, such a claim is too conclusory to proceed.

> The Racketeer Influenced and Corrupt Organizations Act ("RICO") provides a private right of action to any person injured in her business or property by reason of a violation of section 1962 of the chapter. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283 (2d Cir. 2006) (quoting 18 U.S.C. § 1964(c)). In order to establish a RICO claim, the plaintiff must plead conduct of an enterprise through a pattern of racketeering activity that causes injury to business or property as a result of the RICO violation. *Lundy v. Catholic Health Systems of Long Island, Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (quoting *Anatian v. Coutts Bank (Switz.) Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999)). The pattern of racketeering activity must consist of two or more predicate acts of racketeering listed in 18 U.S.C. § 1961(1), (5). *Id.* The RICO conduct must be both the proximate and but for cause of the plaintiff's injury. *Id.* at 283.

*Townsend v. Dordofsky*, 2014 WL 1572884, at *7 (N.D.N.Y. April 18, 2014). The Complaint is conclusory as to any RICO claim. In particular, it does not allege that each Defendant engaged in an agreement to commit at least two predicate acts. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, 1994 WL 88129, at *32-33 (S.D.N.Y. Mar. 15, 1994); *Mills v. Noonan*, 2017 WL 1353479, at *11 (W.D.N.Y. Apr. 13, 2017). This is in part because the Complaint often does not make clear which Defendants are involved in what alleged wrongdoing. The Court therefore recommends that any intended RICO claim be dismissed with leave to replead. In addition, Plaintiff has not filed a civil RICO statement in accordance with Local Rule 9.2. In the event the District Court grants Plaintiff leave to file an amended complaint and she wishes to pursue a RICO claim, she must comply with Rule 9.2.

Plaintiff also asserts a retaliation claim. Compl. at p. 3. Plaintiff alleges that she filed civil complaints and applications for injunctive relief to attempt to stop the extortion of her brand and "the acts of associates," and that the DSS Defendants retaliated against Plaintiff by getting her evicted and interfering with her obtaining housing assistance and

9

seeking shelter. *Id.* However, Plaintiff does not allege that these DSS Defendants were involved in her other suit which forms the basis for their alleged retaliation, and a review of the docket reveals that they are not defendants in that case. *See Robinson v. Defendants 1-97 et al.*, Case No. 1:18-CV-12233 (S.D.N.Y.).[2] Plaintiff must demonstrate "(1) that [her] conduct was protected by the [F]irst [A]mendment and (2) that defendants' conduct was motivated by or substantially caused by [her] exercise of free speech." *Tomlins v. Vill. Of Wappinger Falls Zoning Bd. of Appeals*, 812 F. Supp. 2d 357, 371 (S.D.N.Y. 2011) (citing *Gagliardi v. Vill. Of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994)) (internal quotation marks omitted). Here, because Defendants were not a party to Plaintiff's other lawsuit, and Plaintiff does not allege that they were aware of the lawsuit, Plaintiff has failed to allege that she was retaliated against because of that lawsuit. As such, Plaintiff fails to state a retaliation claim. *Id.*; *see also Demartino v. New York State Dep't of Labor*, 167 F. Supp. 3d 342, 370 (E.D.N.Y. 2016) ("This theory is implausible in part because [the defendant] . . . was not a party to any of the . . . lawsuits."). The Court therefore recommends that Plaintiff's retaliation claim be dismissed with leave to replead.

Plaintiff also asserts summarily that the action is for recovery for deprivation of her Fourth and Fifth Amendment rights, but does not tie these claims to any facts in the Complaint, and so it is unclear what allegations such claims would be based on. As such, the lack of clarity and conclusory nature of these claims fail to provide "fair notice" to Defendants about the nature of the claim being asserted against them. *Hudson v. Artuz*,

---

[2] The Court takes judicial notice of the public filings in that case. *O'Dell v. Schneiderman*, 2014 WL 2573159, at *2 (N.D.N.Y. June 9, 2014); *In re Howard's Exp., Inc.*, 151 Fed. Appx. 46, 48 (2d Cir. 2005).

10

1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) ("The purpose of [Rule 8] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer and prepare an adequate defense.") (internal quotation marks omitted) (citations omitted).  Plaintiff may be able to cure the deficiencies in her pleading and so it is recommended that Plaintiff be granted leave to amend to do so.  *See Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4.  In addition, the Fifth Amendment applies only to federal actors, and Plaintiff names none as Defendants here so her Fifth Amendment claim is subject to dismissal on that basis.  *Barea v. State Univ. of N.Y. at Albany*, 2006 WL 1911602, at *4 (N.D.N.Y. July 10, 2006).

Plaintiff in passing also mentions claims for Eighth and Fourteenth Amendment violations.  Compl. at p. 4.  However, such allegations are wholly conclusory and do not fairly apprise Defendants as to the nature of Plaintiff's claims.  As such, the Court recommends these claims be dismissed with leave to replead.

Finally, the Court notes that Plaintiff lists an indeterminate number of John Doe Defendants, but it is unclear who these Defendants are or what role they allegedly played in the underlying events.  Plaintiff at one point refers to DSS Employee Tammy as John Doe, who is also identified as a Jane Doe Defendant in the caption of the Complaint.  *See* Compl. at pp. 1 & 3.  The Court recommends dismissing the unnumbered "John Doe" Defendants, who are listed in the caption of the Complaint, but against whom no facts are alleged in the body of the Complaint.  *Lewis v. Michaud*, 2018 WL 846885, at *2 (N.D.N.Y. Jan. 17, 2018), *report and recommendation adopted*, 2018 WL 879122

11

(N.D.N.Y. Feb. 12, 2018); *Casino v. Rohl*, 2014 WL 5425501, at \*6 (E.D.N.Y. Oct. 23, 2014).  Should Plaintiff be given the opportunity to replead her Complaint, she should identify each John Doe Defendant to the best of her ability and make clear what role each Defendant played in any alleged wrongdoing.

The Court additionally advises Plaintiff that should she be permitted to amend her Complaint, any amended pleading she submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff, must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. Thus, if Plaintiff claims that her civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, she should include a corresponding number of paragraphs in her amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of her prior Complaint shall be incorporated into her amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims she intends to assert against the defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court

has jurisdiction.  If Plaintiff is alleging that the named defendants violated a law, she should specifically make reference to such law.

## II.  CONCLUSION

Wherefore, it is hereby

**RECOMMENDED**, that Plaintiff's claims against the State of New York, Defendant Heath, and Albany Police Department be **DISMISSED WITH PREJUDICE**; and it is further

**RECOMMENDED**, that Plaintiff's extortion, Hobbs Act, bribery, racketeering, and corruption claims be **DISMISSED WITH PREJUDICE**; and it is further

**RECOMMENDED**, that Plaintiff's claims against Defendant Cuomo, the City of Albany, the County of Albany, Ann S., Tammy, and the John Doe Defendants be **DISMISSED** but that Plaintiff be given leave to replead; and it is further

**RECOMMENDED**, that Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment claims, conspiracy claim, retaliation claim, and any RICO claim be **DISMISSED** but that Plaintiff be given leave to replead; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report.  Such objections shall be filed

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date: July 15, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge